# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 04-4182

———————

United States of America,        *
\
                *
\
       Appellee,        *
\
                *
\
   v.               *   Appeal from the United States
\
                *   District Court for the
\
Terry D. Williams,        *   Western District of Missouri.
\
                *
\
       Appellant.      *       [UNPUBLISHED]

———————

Submitted: September 7, 2005
\
Filed: September 14, 2005

———————

Before ARNOLD, FAGG, and SMITH, Circuit Judges.

———————

PER CURIAM.

Terry Williams pleaded guilty to being a felon in possession of firearms. The presentence report recommended an increase in base offense level for possessing the firearms in connection with another felony; Mr. Williams objected to this enhancement under <u>Blakely v. Washington</u>, 124 S. Ct. 2531 (2004). At sentencing, the district court[1] stated that it could use the Guidelines for advisory purposes, and found by a preponderance of the evidence that Mr. Williams had possessed the firearms in connection with drug sales. Applying the enhancement and arriving at a

---

[1] The Honorable Howard F. Sachs, United States District Judge for the Western District of Missouri.

Guidelines imprisonment range of 57-71 months, the court imposed a sentence of 57 months in prison and 3 years' supervised release. Mr. Williams appeals his sentence, arguing that the enhancement was erroneous under <u>Blakely</u> and <u>United States v. Booker</u>, 125 S. Ct. 738 (2005).

We conclude that the district court did not err in applying the enhancement under an advisory Guidelines scheme, and that the sentence was not unreasonable. <u>See</u> <u>Booker</u>, 125 S. Ct. at 756-57, 764-67 (Guidelines are only advisory; courts should review sentences for unreasonableness); <u>United States v. Pirani</u>, 406 F.3d 543, 551 (8th Cir.2005) (en banc) (holding <u>Booker</u> error is avoided when district court calculates proper Guidelines sentencing range, treats Guidelines as advisory, and imposes reasonable sentence), <u>petition for cert. filed</u>, (U.S. July 27, 2005) (No. 05-5547). Accordingly, we affirm.

_____